## Beaver County, Appellant, *v.* Bradshaw.

*Public officers—County solicitor—Compensation—Statutory attorney fee of $3.00—Acts of May 22, 1895, P. L. 101, and March 5, 1903, P. L. 11.*

A county solicitor, who before entering upon the duties of his office enters into an agreement with the county commissioners in compliance with the Act of May 22, 1895, P. L. 101, as amended by the Act of March 5, 1903, P. L. 11, "to pay all fees, attorney's fees and commissions, received from every source as county solicitor into the county treasury," cannot retain as his own property the statutory attorney fee of $3.00 taxed in county cases. Pittsburg v. O'Brien, 239 Pa. 60, distinguished.

Argued Feb. 24, 1914. Appeal, No. 64, April T., 1914, by plaintiff, from judgment of C. P. Beaver Co., Dec. Term, 1913, No. 126, for defendant on case stated in suit of Beaver County v. Charles W. Bradshaw, prothonotary. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Reversed.

Case stated to determine whether the prothonotary should pay a statutory attorney fee on a scire facias sur

municipal lien for taxes to the county of Beaver or to John B. McClure, county solicitor. Before HOLT, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for defendant on the case stated.

*Error assigned* was the judgment of the court.

*William A. McConnell,* for appellant.

*J. Sharp Wilson,* for appellee.—Upon the question as to the attorney's rights over this fee, see Foster v. Jack, 4 Watts, 334; Musser v. Good, 11 S. & R. 247; Pittsburg v. O'Brien, 239 Pa. 60; Pontius v. Com., 4 W. & S. 52; Delaware Insurance Co. v. Gilpin, 1 Binn. 501; Beale v. Com., 7 Watts, 183; Com. v. Mc-Coy, 8 Watts, 153; German Lutheran Congregation v. Van Reed, 1 Woodw. 78; Kemp v. Kemp, 1 Woodw. 189; and Hamilton v. Hamilton, 10 Pa. C. C. Rep. 255.

OPINION BY RICE, P. J., May 14, 1914:

By the express terms of the contract entered into when John B. McClure was appointed county solicitor he agreed, "that he will commence and prosecute all and every suit or suits brought or to be brought by the county wherein or whereby any of the rights, privileges, properties, claims and demands of the county are involved, as well as defend all actions and suits brought against the county, and shall perform the duties now enjoined by law upon county solicitors, and shall do all and every professional act incident to the office which may be required of him by the officers named in said board of county commissioners." In performance of his duty as county solicitor, and of his agreement as above set forth, he entered a tax lien in favor of the county under the provisions of the act of June 4, 1901, P. L. 364, and issued a scire facias thereon. The defendant in the proceeding paid to the county treasurer the amount of the

tax lien, and to the prothonotary the record costs, including an attorney fee of $3.00 which had been taxed in favor of Mr. McClure, and thereupon the tax lien was satisfied. A dispute arose as to whether this fee belonged absolutely to Mr. McClure or whether he was bound to pay it into the county treasury, and for the purpose of determining this dispute a case stated was agreed to in which it was stipulated that the fee of $3.00 should be considered as having been paid into court. The real question argued is as to the construction of the following clause of the contract between the county and the county solicitor, and the following section of the Act of May 22, 1895, P. L. 101, as amended by the Act of March 5, 1903, P. L. 11. No objection being raised by counsel for either party as to the mode of bringing this question before the court for adjudication, we will raise none. The clause of the contract reads: "That he will pay all debts (fees), attorney fees and commissions received from every source as county solicitor into the county treasury." The section of the statute reads: "That the solicitor so appointed shall hold his office during the term of the commissioners constituting said board and shall receive such compensation as the commissioners may determine: Provided, that he shall before entering upon the duties of his office file with the county commissioners an agreement to pay all fees, attorney's fees and commissions, received from every source, as county solicitor, into the county treasury."

There can be no doubt of the validity of an agreement between attorney and client, that the attorney will pay to the client the attorney fees that may be taxed in the attorney's favor, as part of the costs, in actions prosecuted by him for the client. Nor can there be any doubt of the validity of such agreement, when the attorney is the county solicitor and the client is the county. Nor is it doubtful that the legislature could require of the county solicitor, as a condition of his appointment and of the receipt of the salary attached, that he pay

to the county attorney fees taxed in his favor as part of the costs in the county's litigation: Pittsburg v. O'Brien, 239 Pa. 60. The only question is whether the agreement and the statute, pursuant to which it was entered into, included such attorney fees. The learned judge of the common pleas held that they are not included and in support of this conclusion relied on the case of Pittsburg v. O'Brien, 239 Pa. 60. We think the cases are clearly distinguishable. That case turned on the provision of the second class city act of 1901, which makes it the duty of the city solicitor to make monthly returns to the city controller of each item of money or moneys received by or through him or his assistants, by virtue of his office, "including all fees and perquisites" for the preparation of any contract, bonds or other instruments of writing, or such (that is, "fees and perquisites") as may be derived from "any other subject-matter connected with the city or its affairs" and to pay such amount to the city treasurer. After pointing out that the docket or attorney fee, provided by the act of February 22, 1821, 7 Sm. Laws, 367, belongs to the attorney by virtue of his office, as attorney at law, and not to his client, and showing that the provisions of the act of 1901 relating to "fees and perquisites" could be satisfied and given full effect by construing the words to refer to fees and perquisites, the title to which is in the city, the court concluded, that, in the absence of clear implication of legislative intent warranting it, they should not be construed as extending further. The controlling thought was thus expressed by Judge SWEARINGEN whose opinion was adopted by the Supreme Court: "There is no express language in the statute, requiring the defendant to pay these docket fees to the city of Pittsburg. Neither is the implication clear that such was intended. On the contrary, the language used may well be referred to fees and perquisites, to which the city itself has the title. This construction is, we think, clearly warranted. The construction for which the plaintiff contends would con-

stitute a contract between the city and the defendant, which would deprive him of his own property and transfer the same to the city. This is a meaning which we do not find in the language used, for it is apparent to us that the minds of the parties never met upon that subject." But here the legislative intent and the intent of the parties to the contract are not left to implication from words of doubtful or ambiguous meaning. This is not a case where it is necessary to go beyond the very words or to give them an unusual meaning in order to include attorney fees. These were well-understood terms, which as commonly used include such fee as was taxed in the present instance. In order to give full effect to all the words "fees, attorney fees and commissions," without treating any of them as superfluous, this well understood meaning must be ascribed to them. The words, "county solicitor" were added (unnecessarily perhaps) to confine the operation of the clause to "attorney fees" taxed in favor of the solicitor as attorney for the county. These are none the less attorney fees because the attorney is county solicitor. In short, that which was left doubtful in the second class city act of 1901 is rendered clear, plain and certain, by the very words of the act of 1903 and the agreement of the parties. No absurd, inconvenient, unjust or harsh result can possibly flow from giving to all of the words their common and ordinary meaning, and there is nothing in the nature of the subject-matter, or in the context, or in legislation in pari materia, which requires that they be given a restricted meaning in order to confine the operation of the statute within the limits which we have a right to suppose the legislature intended. Our judgment is that the legislature intended that the attorney fees, such as that in question, should not belong to the county solicitor absolutely but should be paid by him into the county treasury.

The judgment is reversed and judgment is now entered in favor of the plaintiff in accordance with the stipulation of the case stated.